UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LP INSURANCE SERVICES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HEFFERNAN INSURANCE BROKERS, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03991-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

LP Insurance Services brings breach of contract and misappropriation of trade secrets claims against two former employees, Barbara Galgiani and Sharon Lagier, and their new employer, Heffernan Insurance Brokers. Plaintiff alleges Ms. Galgiani and Ms. Lagier misappropriated confidential and proprietary information when they left and together with Heffernan stole LP's clients. Defendants' partial motion to dismiss is now pending before the Court. (Dkt. No. 14.[1]) Having considered the parties' briefing and the relevant legal authority, and having had the benefit of oral argument on July 24, 2025, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss. The motion is granted as to the interference with contract claim as to Ms. Gagliani and Ms. Lagier and otherwise denied.

## DISCUSSION

Defendants move to dismiss three of Plaintiff's claims for relief: (1) aiding and abetting breach of the duty of loyalty as to Hefferman; (2) interference with contract as to all Defendants;

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  and (3) interference with prospective economic advantage as to Hefferman.  Defendants also move
2  to dismiss Plaintiff's request for punitive damages.

### A.     Incorporation by Reference

As a threshold matter, the Court addresses Defendants' request for judicial notice contained in their reply.  (Dkt. No. 17 at 4.)  Defendants request the Court take judicial notice of a "Broker of Record notice ('BOR notice')" which they contend is incorporated by reference into the Complaint.  (*Id.*)  Plaintiff opposes Defendants' request.  (Dkt. No. 18.)

Incorporation by reference and judicial notice are related, but distinct procedures. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018). Federal Rule of Evidence 201 permits a court to take judicial notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b).  "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  "[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quotation marks omitted).

First, Defendants' request that the Court consider this evidence offered for the first time on reply is untimely and improper.  Defendants' argument as to the relevance of this document is based on the allegations of the Complaint—not any arguments Plaintiff made in its opposition brief.  *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (noting an exception to the rule prohibiting new evidence with a reply brief "when [the evidence] is submitted to rebut arguments raised in the opposition brief.").

Second, the document is not within the scope of the incorporation by reference doctrine. While the Complaint references a Broker of Record (BOR) Plaintiff received "within a day" after Ms. Gagliani and Ms. Lagier left LP "announc[ing[ the customer's move to Hefferman" (Complaint at ¶ 48), the BOR which Defendants ask the Court to consider is a generic form BOR that is unspecific to any particular customer. (Dkt. No. 17-2 at 2.)   The document Defendants submit is thus not incorporated by reference into the Complaint.  Further, Defendants seek to offer the document to resolve a disputed issue—whether Plaintiff's allegations are plausible—based on

Defendants' arguments regarding the complexity (or lack thereof) of the BOR. This is not a proper use of the incorporation by reference doctrine. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

### B. Adequacy of Plaintiff's Allegations

#### 1. Aiding and Abetting Breach of Duty of Loyalty as to Heffernan

The elements of a claim for aiding and abetting a breach of fiduciary duty under California law are:

> 1) a third party's breach of fiduciary duties owed to plaintiff;
> 2) defendant's actual knowledge of that breach of fiduciary duties;
> 3) substantial assistance or encouragement by defendant to the third party's breach; and
> 4) defendant's conduct was a substantial factor in causing harm to plaintiff.

*Nasrawi v. Buck Consultants LLC*, 231 Cal. App. 4th 328, 343 (2014) (citations omitted); *see also Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410 (2007) (same standard applies to breach of duty of loyalty).

Defendants insist Plaintiff has failed to adequately allege (1) Heffernan had actual knowledge of Ms. Gagliani and Ms. Lagier's breach, (2) Heffernan provided substantial assistance with the breach, and (3) Heffernan's actions were a substantial factor in causing LP harm. Not so. Plaintiff alleges the temporal proximity between Ms. Gagliani and Ms. Lagier's departures and the transfer of their clients to Heffernan supports an inference Heffernan must have been involved in the transfer and solicitation of the client because of the complexity of the process for switching brokers and Heffernan's need to approve and be involved in the negotiation of terms. (Complaint at ¶¶ 47-51.) In particular, Plaintiff alleges:

> Within a day after they left, LP received its first Broker of Record notice from an LP customer Gagliani and Lagier had worked with. The Broker of Record ("BOR") notice is a required notice announcing that the customer is moving to another broker. In this case, the BOR notice announced the customer's move to Heffernan. Because these insurance contracts are highly specialized and take time to negotiate, it is simply unrealistic to presume that, in the matter of a few hours, the customer could have been notified that Gagliani and Lagier had

3

> moved to Heffernan, that the contract could have been negotiated and approved by Heffernan, and that a BOR notice could have been prepared for the customer's review, sent to the customer, returned by the customer and then submitted to the carrier for approval. The only plausible answer is that Gagliani and Lagier notified the customer and arranged for and negotiated the BOR **before** Gagliani and Lagier left LP.

(Complaint at ¶ 48 (emphasis in original).) In the two weeks following their departure, Ms. Gagliani and Ms. Lagier allegedly transferred approximately $1,200,000 in business to Heffernan. (*Id*. at ¶ 50.) Drawing inferences in Plaintiff's favor, as is required, these allegations are sufficient to state a claim for aiding and abetting a breach of the duty of loyalty by Heffernan.

### 2. Interference with Contract

The tort of intentional interference with contract requires allegations of the following elements:

> (1) a valid contract between plaintiff and a third party;
> (2) defendant's knowledge of this contract;
> (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship;
> (4) actual breach or disruption of the contractual relationship; and
> (5) resulting damage.

*CRST Van Expedited, Inc. v. Werner Enters., Inc*., 479 F.3d 1099, 1105 (9th Cir. 2007) (quoting *Quelimane Co. v. Stewart Title Guar. Co*., 19 Cal.4th 26, 55 (1998)). This claim is predicated on Ms. Gagliani's and Ms. Lagier's breach of their confidentiality agreement with LP. (Complaint at ¶ 101.) Plaintiff alleges Ms. Galgiani sent at least 45 emails to her personal account containing LP's trade secrets and confidential information prior to her departure, Ms. Lagier likewise received several suspicious emails to her personal account, and neither returned this information to LP upon their departure, and instead used the information to "usurp LP's customer relationships and transfer them to Heffernan." (*Id*. at ¶¶ 42-46.)

Defendants move to dismiss the claim both as it is pled against Heffernan and against Ms. Gagliani and Ms. Lagier. As to Heffernan, Defendants insist the allegations are too conclusory to suggest any active participation on its part. Again, the temporal allegations of Ms. Gagliani's and Ms. Lagier's transfer of confidential information, their departures, and the near-immediate transfer of clients from LP to Heffernan support an inference Heffernan was involved with Ms. Gagliani's and Ms. Lagier's breaches of their confidentiality agreements.

4

Next, Defendants insist the claims against Ms. Gagliani and Ms. Lagier fail as a matter of law because the claim only applies to non-contracting parties; that is, a party cannot commit the tort of interfering with their own contract. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) ("The tort duty not to interfere with the contract falls only on strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance."). Plaintiff counters they can interfere with each other's contracts which they did "through the coordinated scheme to steal LP's information and customers." (Dkt. No. 16 at 14 (citing Complaint at ¶¶ 46, 47).) Plaintiff, however, has not alleged facts which give rise to an inference Ms. Gagliani and Ms. Lagier interfered with each other's contracts. The paragraphs Plaintiff cites allege both Ms. Gagliani and Ms. Lagier used their personal computers which contained LP's confidential information and although they were to return LP's confidential information immediately upon the termination of their employment, they did not do so, and instead "coordinated" their departure "to make it difficult for LP to retain its customers." (Complaint at ¶¶ 46, 47.) Plaintiff's theory cannot be predicated on a conspiracy by Ms. Gagliani and Ms. Lagier to interfere with their contracts, and instead, must be predicated on allegations of intentional acts designed to induce a breach or disruption of the other's contractual relationship with LP. *Applied Equip.*, 7 Cal. 4th at 521 ("Nothing we have said suggests that [one co-defendant] may not be held liable for direct interference with the [other co-defendant's contract] (to which it was not a party)" or vice versa "provided that each of the elements of the tort of interference with contract is satisfied"; rather "we hold only that [a defendant] may not be held liable [] for conspiracy to interfere with [their] own contract."). Plaintiffs have not alleged facts which plausibly support an inference either Ms. Gagliani or Ms. Lagier interfered with the other's confidentiality agreement; that they simultaneously engaged in similar conduct does not show they interfered with each other's contract.

According, Defendants' motion to dismiss the interference with contract claim as to Ms. Gagliani and Ms. Lagier is granted.

        **3.**    **Interference with Prospective Economic Advantage as to Heffernan**

A claim for interference with prospective economic advantage requires:

5

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;
> (2) the defendant's knowledge of the relationship;
> (3) intentional acts on the part of the defendant designed to disrupt the relationship;
> (4) actual disruption of the relationship; and
> (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003). This claim is predicated, at least in part, on the same conduct as the aiding and abetting the breach of the duty of loyalty claim and is adequately pled for the same reasons as discussed above.

### C.  Punitive Damages

Finally, Defendants move to dismiss Plaintiff's punitive damages claim. Under California Civil Code § 3294 in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Defendants insist Plaintiff has not sufficiently alleged facts demonstrating they acted with oppression, fraud, or malice. Not so. Plaintiff alleges Defendants misappropriated its confidential and proprietary information and clients and it lost over $1.2 million in business in the first two weeks following Ms. Gagliani and Ms. Lagier's departure. (Complaint at ¶¶ 46-50.) These allegations are sufficient to support a claim for punitive damages. *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1019 (S.D. Cal. July. 27, 2000). ("in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.").

**CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is granted with leave to amend as to the inference with contract claim as to Ms. Gagliani and Ms. Lagier, but denied as to the remaining claims. Any amended complaint is due by August 7, 2025. Plaintiff may not add any new claims or defendants without prior leave of court.

//

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: July 25, 2025

JACQUELINE SCOTT CORLEY
United States District Judge