STEPHEN J. HIRSCHFELD (SBN 118068)
sh@hkemploymentlaw.com
ADAM MALDONADO (SBN 267002)
amaldonado@hkemploymentlaw.com
CHINA M. DALY (SBN 300982)
cdaly@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
456 Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
HEFFERNAN INSURANCE BROKERS;
BARBARA J. GALGIANI; and SHARON
LAGIER

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

L/P INSURANCE SERVICES, LLC,

Plaintiff,

vs.

HEFFERNAN INSURANCE BROKERS, BARBARA J. GALGIANI, an Individual, and SHARON LAGIER, an individual, and DOES 1-10,

Defendant.

Case No. 3:25-cv-03991-JSC

[Hon .Jacqueline Scott Corley, Ctrm 8]

**DEFENDANTS HEFFERNAN INSURANCE BROKERS, BARBARA J. GALGIANI AND SHARON LAGIER'S ANSWER TO COMPLAINT**

Complaint Filed: May 7, 2025
Trial Date: None Set

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Heffernan Insurance Brokers, Barbara J. Galgiani, and Sharon Lagier ("Defendants") answer the Complaint of Plaintiff L/P Insurance Services, LLC ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

**NATURE OF ACTION**

1. Paragraph 1 of the Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants admits that the allegations of Paragraph

1 are contained in Plaintiff's Complaint.

2. Defendants admit that LP is a regional insurance agency based in Reno that provides various lines of insurance solutions. Defendants also admit that Barbara J. Galgiani and Sharon Lagier are former LP employees, that they resigned together without prior notice, over email, and that shortly after their resignations, LP customers began switching their business to Galgiani and Lagier's new employer Defendant Heffernan Insurance Brokers. Defendants deny the allegation that "it is virtually certain that Defendants solicited these customers and negotiated these contracts while Galgiani and Lagier were still employed by LP." All other allegations of this paragraph are denied.

3. Defendants deny the allegations of Paragraph 3 of the Complaint with the exception that Defendants Galgiani and Lagier admit that LP has requirements for the return of LP information at the end of employment.

4. Defendants deny the allegations of Paragraph 4 of the Complaint

5. Paragraph 5 of the Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5.

6. Paragraph 6 of the Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 6 of the Complaint constitute legal conclusions and, on that basis, Defendants deny them.

**PARTIES**

7. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 7 of the Complaint, and therefore, deny them, other than that LP is a regional insurance agency based in Reno.

8. Defendants admit to the allegations of Paragraph 8 of the Complaint.

9. Defendants admit to the allegations of Paragraph 9 of the Complaint, with the correction that Defendant Lagier resides in Ripon, California and not in Ripton, California.

10. Defendants admit to the allegations of Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 of the Complaint constitute legal conclusions and, on that basis, Defendants deny them.

12. The allegations of Paragraph 12 of the Complaint constitute legal conclusions and, on that basis, Defendants deny them.

13. The allegations of Paragraph 13 of the Complaint constitute legal conclusions and, on that basis, Defendants deny them.

14. The allegations of Paragraph 14 of the Complaint constitute legal conclusions and, on that basis, Defendants deny them.

15. The allegations of Paragraph 15 of the Complaint constitute legal conclusions and, on that basis, Defendants deny them.

## JURISDICTION

16. Defendants admit that this Court has jurisdiction over this action.

## FACTS COMMON TO ALL CAUSES OF ACTION

### L/P Insurance Services, LLC and Its Business

17. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 17 of the Complaint, and therefore, deny them, other than that LP is a regional insurance agency based in Reno.

### Galgiani's and Lagier's Employment with LP

18. Defendants deny that Defendant Barbara Galgiani joined LP on February 23, 2018, as she was hired on August 23, 2018. Defendants admit to the remaining allegations of Paragraph 18 of the Complaint.

19. Defendants admit to the allegations of Paragraph 19 of the Complaint.

20. Defendants admit to the allegations of Paragraph 20 of the Complaint.

21. Plaintiff has omitted Paragraph 21 from the Complaint.

22. Plaintiff has omitted Paragraph 22 from the Complaint.

23. Plaintiff has omitted Paragraph 23 from the Complaint.

### LP's Confidential and Proprietary Information

24. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 24 of the Complaint and therefore deny them.

25. After reasonable inquiry, Defendants are without knowledge or information to admit

or deny the allegations of Paragraph 25 of the Complaint and therefore deny them.

26. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 26 of the Complaint and therefore deny them.

27. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 27 and therefore deny them.

28. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 28 of the Complaint and therefore deny them.

**LP's Efforts to Protect its Confidential and Proprietary Information**

29. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 29 of the Complaint and therefore deny them.

30. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 30 of the Complaint and therefore deny them.

31. Defendants admit to the allegations of Paragraph 31 of the Complaint.

32. Defendants admit to the allegations of Paragraph 32 of the Complaint.

33. Defendants admit to the allegations of Paragraph 33 of the Complaint.

34. Defendants admit to the allegations of Paragraph 34 of the Complaint.

35. Defendants admit to the allegations of Paragraph 35 of the Complaint.

36. Defendants admit to the allegations of Paragraph 36 of the Complaint.

37. Defendants admit to the allegations of Paragraph 37 of the Complaint.

38. Defendants admit to the allegations of Paragraph 38 of the Complaint.

39. Defendants admit to the allegations of Paragraph 39 of the Complaint.

40. Defendants admit to the allegations of Paragraph 40 of the Complaint.

41. Defendants admit to the allegations of Paragraph 41 of the Complaint.

**Defendants' Misconduct**

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants admit that Defendants Gagliani and Lagier had access to confidential information while employed with LP which they agreed to keep confidential. Defendants deny the remaining allegations of Paragraph 43 of the Complaint.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44. Defendants admit that Defendant Barbara Galgiani sent emails to her personal account (galgiani@aol.com) between October 3, 2024 and February 3, 2025, and that on October 3, 2024, Galgiani sent an email from her LP email account to her personal email account containing no text but attaching the file "093024 Production Review – Master.xlsx." Defendants further admit that this file contains a listing of accounts serviced by Galgiani along with the revenue derived from each account, and that Galgiani sent messages to her personal account from "Circleback," an AI tool used to transcribe and summarize meetings. Defendants deny the remaining allegations of Paragraph 44 of the Complaint.

45. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 45 of the Complaint and therefore deny them.

46. Defendants admit that Lagier and Galgiani used personal computers in the course of their employment with LP, and that Galgiani also used a tablet and USB storage device. Defendants Lagier and Galgiani further admit that, pursuant to agreements signed during their employment, they were required to return LP confidential information upon the termination of their employment. Defendants Lagier and Galgiani state that to the extent any LP-related materials may have remained on personal devices following their departures, such retention was inadvertent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 46 of the Complaint.

47. Defendants admit that Lagier and Galgiani communicated about their departure and planned to leave for Heffernan around the same time. Defendants deny the remaining allegations of Paragraph 47.

48. Defendants admit that LP received a Broker of Record ("BOR") notice from an LP customer that Galgiani and Lagier had worked with within a day after they resigned, and that the BOR announced the customer's move to Heffernan. Defendants also admit that a BOR notice is a required notice announcing that a customer is moving to another broker. Defendants deny the remaining allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

/ / /

/ / /

50. Paragraph 50 of the Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants admit that Heffernan is a large national brokerage. Defendants deny the remaining allegations of Paragraph 51 of the Complaint.

52. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 52 of the Complaint and therefore deny them.

53. After reasonable inquiry, Defendants are without knowledge or information to admit or deny the allegations of Paragraph 53 of the Complaint and therefore deny them.. The allegations of Paragraph 53 constitute legal conclusions and, on that additional basis, Defendants deny them.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Breach of Contract

### (Against Defendants Galgiani and Lagier)

54. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 53 of the Complaint.

55. Defendants admit the allegations of Paragraph 55 of the Complaint.

56. After reasonable inquiry, Defendants are without knowledge to either admit or deny the allegations of Paragraph 56 of the Complaint and therefore deny them.

57. After reasonable inquiry, Defendants are without knowledge to either admit or deny the allegations of Paragraph 57 of the Complaint and therefore deny them.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. After reasonable inquiry, Defendants are without knowledge to either admit or deny the allegations of Paragraph 57 of the Complaint and therefore deny them.

60. The allegations of Paragraph 60 constitute legal conclusions and, on that basis, Defendants deny them.

61. The allegations of Paragraph 61 constitute legal conclusions and, on that basis, Defendants deny them.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**SECOND CAUSE OF ACTION**

**Breach of Duty of Loyalty**

**(Against Defendants Galgiani and Lagier)**

62. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 61 of the Complaint.

63. The allegations of Paragraph 63 constitute legal conclusions and, on that basis, Defendants deny them.

64. Defendants admit the allegations of Paragraph 64 of the Complaint.

65. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 65 of the Complaint and therefore deny them.

66. The allegations of Paragraph 66 constitute legal conclusions and, on that basis, Defendants deny them.

67. Defendants deny the allegations of Paragraph 67.

68. The allegations of Paragraph 68 constitute legal conclusions and, on that basis, Defendants deny them.

69. The allegations of Paragraph 69 constitute legal conclusions and, on that basis, Defendants deny them.

70. The allegations of Paragraph 70 constitute legal conclusions and, on that basis, Defendants deny them.

71. The allegations of Paragraph 71 constitute legal conclusions and, on that basis, Defendants deny them.

**THIRD CAUSE OF ACTION**

**Aiding and Abetting Breach of Duty of Loyalty**

**(Against Defendant Heffernan)**

72. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 71 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

/ / /

74. The allegations of Paragraph 74 constitute legal conclusions and, on that basis, Defendants deny them.

75. The allegations of Paragraph 75 constitute legal conclusions and, on that basis, Defendants deny them.

76. The allegations of Paragraph 76 constitute legal conclusions and, on that basis, Defendants deny them.

**FOURTH CAUSE OF ACTION**

**Trade Secret Misappropriation Under California's Uniform Trade Secret Act**

**Cal. Civ. Code § 3426 *et seq.***

**(Against All Defendants)**

77. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 76 of the Complaint.

78. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 78 and therefore deny them.

79. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 79 and therefore deny them.

80. The allegations of Paragraph 80 constitute legal conclusions and, on that basis, Defendants deny them.

81. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 81 and therefore deny them.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 84 and therefore deny them.

85. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 85 and therefore deny them.

86. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 86 and therefore deny them.

**FIFTH CAUSE OF ACTION**

**Trade Secret Misappropriation Under the Defend Trade Secret Act**

**18 U.S.C. § 1836**

**(Against All Defendants)**

87. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 86 of the Complaint.

88. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 88 and therefore deny them.

89. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 89 and therefore deny them.

90. The allegations of Paragraph 90 constitute legal conclusions and, on that basis, Defendants deny them.

91. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 91 and therefore deny them.

92. Defendants deny the allegations of Paragraph 92 of the Complaint.

93. Defendants deny the allegations of Paragraph 93 of the Complaint.

94. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 94 and therefore deny them.

95. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 95 and therefore deny them.

96. After reasonable inquiry, Defendants are without knowledge or information to either admit or deny the allegations of Paragraph 96 and therefore deny them.

**SIXTH CAUSE OF ACTION**

**Interference with Contract**

**(Against All Defendants)**

97. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 96 of the Complaint. Defendants additionally note that the Court, by Order dated July 25, 2025, (Dkt. 24) dismissed the Sixth Cause of Action as to Defendants Galgiani and

Lagier. Accordingly, no response is required from Galgiani or Lagier, and they expressly reserve all rights with respect to this claim.

98. After reasonable inquiry, Defendant Heffernan is without knowledge or information to either admit or deny the allegations of Paragraph 98 and therefore denies them.

99. Defendant Heffernan admits that it was aware that Galgiani and Lagier were employed by LP. Defendant Heffernan denies that "at all times relevant to this action" it knew Galgiani and Lagier's employment with LP was governed by their confidentiality agreement.

100. The allegations of Paragraph 100 constitute legal conclusions and, on that basis, Defendants deny them.

101. The allegations of Paragraph 101 constitute legal conclusions and, on that basis, Defendants deny them.

102. The allegations of Paragraph 102 constitute legal conclusions and, on that basis, Defendants deny them.

103. Defendants deny the allegations of Paragraph 103.

104. The allegations of Paragraph 104 constitute legal conclusions and, on that basis, Defendants deny them.

**SEVENTH CAUSE OF ACTION**

**Interference with Prospective Economic Advantage**

**(Against All Defendants)**

105. Defendants incorporate here by reference and restate each of their answers to Paragraphs 1 through 104 of the Complaint.

106. The allegations of Paragraph 106 constitute legal conclusions and, on that basis, Defendants deny them.

107. The allegations of Paragraph 107 constitute legal conclusions and, on that basis, Defendants deny them.

108. The allegations of Paragraph 108 constitute legal conclusions and, on that basis, Defendants deny them.

/ / /

109. The allegations of Paragraph 109 constitute legal conclusions and, on that basis, Defendants deny them.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

110. Defendants deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer For Relief and Defendants further deny that Plaintiff has been damaged in any manner. Accordingly, Defendants deny that Plaintiff's should receive judgement in its favor for compensatory damages, exemplary or punitive damages, injunctive relief, restitution or disgorgement of profits, attorney's fees of any kind, costs of suit, or any other related relief.

111. Defendants deny all allegations in the Complaint not specifically admitted herein, except those which constitute an admission against Plaintiff's interests.

**AFFIRMATIVE DEFENSES TO COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

112. Based on the allegations of the Complaint, the Complaint fails to state a claim upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Right to Fairly Compete)**

113. Defendants have a right to fairly compete for employees and business in the State of California and elsewhere, and Defendants did at all times compete fairly in accordance with applicable law. Plaintiff's Complaint is an attempt to engage in the unlawful restraint of commerce and trade.

**THIRD AFFIRMATIVE DEFENSE**

**(Right to Make Professional Announcement of Employment Change)**

114. An employee has the right to make a professional announcement of an upcoming new affiliation, even with a competing firm, and even to an allegedly trade secret list of employer's clients. *Hilb, Rogal & Hamilton Ins. Servs. v. Robb*, 33 Cal. App. 4th 1812, 1821–22 & n.6 (1995).

/ / /

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**FOURTH AFFIRMATIVE DEFENSE**

**(Right to Discuss Business Upon Invitation of Another Party)**

115. Defendants Galgiani and Lagier's alleged conduct in discussing business with clients after moving employment to Defendant Heffernan, upon the invitation of such clients, is protected under the law. A former employee has the right to discuss business upon invitation of another party, and it is not a violation of trade secret law to inform a client of a change in employment and then comply with the client's instructions to move its account. *See* Norsat Int'l v. B.I.P. Corp. (S.D.Cal. May 30, 2014, No. 12cv674-WQH-NLS) 2014 U.S.Dist.LEXIS 74953, at *20.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

116. Plaintiff's claims and any recovery therefrom are barred, in whole or in part, due to the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

117. Plaintiff's claims and any recovery therefrom are barred, in whole or in part, due to the equitable doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

118. Plaintiff's claims and any recovery therefrom are barred, in whole or in part, due to the equitable doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

119. Plaintiff's claims and any recovery therefrom are barred, in whole or in part, due to the equitable doctrine of "unclean hands."

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

120. Upon information and belief, Plaintiff's Complaint and each cause of action therein is barred by the applicable limitations periods under state and federal law, including but not limited

to California Code of Civil Procedure sections 338 and 343, California Civil Code section 3426.6, 18 U.S.C. section 1836(d), and California Penal Code section 502(e)(5).

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

121. Defendants deny that Plaintiff has suffered any damages on the claims alleged and Defendants further deny that Plaintiff is entitled to any relief. However, to the extent Plaintiff establishes any damages, upon information and belief, Plaintiff has failed to use reasonable care to reduce and minimize its damages, if any. Accordingly, Plaintiff's claims and any recovery therefrom are barred to the extent of Plaintiff's failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

122. Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Excessive Recovery Barred)**

123. Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to protection from "excessive" fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of California, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Information Readily Accessible)**

124. To the extent Defendants are found to have received or otherwise utilized information that Plaintiff alleges is proprietary in nature, which Defendants deny, any such

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

information was readily ascertainable by proper means at the time of the alleged disclosure, acquisition, or use.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Identify Trade Secrets or Confidential Information)**

125. Plaintiff's claims and any recovery against Defendants based on alleged misappropriation of trade secrets (as alleged, specifically, in the Fourth and Fifth Causes of Action) fail because Plaintiff has failed to identify any specific legally protected trade secrets or confidential information.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Trade Secret or Confidential Information)**

126. Plaintiff's claims and any recovery against Defendants fail, in whole or in part, because any information accessed, viewed, used, or transferred by the other co-defendants, if any, contained no confidential, proprietary, or trade secret information belonging to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

127. Plaintiff's claims against Defendants are barred because Plaintiff has suffered no harm, irreparable or otherwise, and because Plaintiff cannot establish any damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

128. Plaintiff's claims and any recovery against Defendants fail, in whole or in part, because any alleged acts were taken with Plaintiff's knowledge, consent, or authorization.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Independent Business Justification)**

129. Plaintiff's claims and any recovery against Defendants fail, in whole or in part, because any alleged acts were taken for legitimate business reasons and were not wrongful.

/ / /

/ / /

/ / /

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Causation)**

130. Plaintiff's claims and any recovery against Defendants fail, in whole or in part, because Plaintiff cannot establish that any alleged act by Defendants caused it harm or damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

131. Defendants presently do not have sufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional defenses if discovery indicates that they would be appropriate.

Dated: September 5, 2025

HIRSCHFELD KRAEMER LLP

By: ______________________________

Stephen J. Hirschfeld
Adam Maldonado
China M. Daly
Attorneys for Defendants
HEFFERNAN INSURANCE BROKERS; BARBARA J. GALGIANI; and SHARON LAGIER